**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 03 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30286 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00087-CCL-4 |
| v. | |
| GEOFFREY PETER SCHARDIEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Argued and Submitted November 7, 2012
Portland, Oregon

Before: ALARCÓN, McKEOWN, and PAEZ, Circuit Judges.

Geoffrey Peter Schardien appeals from the district court's judgment of

conviction for conspiracy to possess, possession with intent to distribute, and

distribution of 500 grams of cocaine in violation of 21 U.S.C. §§ 846 and

841(a)(1). He alleges the trial court erred in denying his counsel the right to cross-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

examine a cooperating witness about the fact that he received a mandatory minimum sentence, and in denying his motion for a mistrial following alleged prosecutorial misconduct. We have jurisdiction under 28 U.S.C. § 1291.

We review for abuse of discretion both issues: (1) a trial court's limitation on the scope of cross-examination, *United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007) (*en banc*), and (2) a claim of prosecutorial misconduct raised at trial, *United States v. Sarkisian*, 197 F.3d 966, 988 (9th Cir. 1999). We affirm.

I

The Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the witnesses against him." U.S. Const. amend. VI. The "essential purpose" of the right is to secure the opportunity for cross-examination. *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). Three factors determine whether a defendant's cross-examination right was violated: "(1) whether the excluded evidence was relevant; (2) whether there were other legitimate interests outweighing the defendant's interest in presenting the evidence; and (3) whether the exclusion of evidence left the jury with sufficient information to assess the credibility of the witness." *Larson*, 495 F.3d at 1103 (quoting *United States v. Beardslee*, 197 F.3d 378, 383 (9th Cir. 1999)) (internal quotation marks and brackets omitted). Schardien argues that his Sixth Amendment rights were

2

violated when the district court restricted his cross-examination of a cooperating witness regarding the mandatory minimum sentence the witness received, even though the witness's punishment was not altered by the deal he made with the prosecution in exchange for his guilty plea.

We disagree. The district court did not abuse its discretion. The cooperating witness's minimum sentence was of de minimus relevance here, because it was only tangentially related to the benefit that he received for testifying as a prosecution witness. Schardien failed to demonstrate that his interest in presenting that evidence outweighed the Government's interest in avoiding juror confusion. The evidence was sufficient to permit the jury to weigh the cooperating witness's credibility through other testimony regarding his poor memory, drug use, felony conviction, and the actual benefit he received from the plea deal, a promise that the government would not prosecute his wife.

II

During redirect examination, the prosecutor asked an FBI agent whether investigators had recordings of Schardien speaking about manipulating the jury. Defense counsel moved for a mistrial. The district court admonished the jury to disregard the question and the objection. "[J]uries are presumed to follow their

3

instructions . . . ." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).  The trial court did not abuse its discretion in refusing to grant a mistrial.

**AFFIRMED.**